UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAMELA DENISE HENRY,

                      Plaintiff,

    -vs-                                        DECISION AND ORDER

NANCY A. BERRYHILL, *Acting Commissioner*          17-CV-6601-CJS
*of Social Security*,

                      Defendant.

_____

**APPEARANCES**

For Plaintiff:                        Mary Ellen Gill, Esq.
                                  Kenneth R. Hiller, Esq.
                                  Law Offices of Kenneth Hiller
                                  6000 North Bailey Avenue, Suite 1A
                                  Amherst, NY 14226
                                  (716) 564-3288

For the Commissioner:          Dennis J. Canning, Esq.
                                  Sarah E. Preston, Esq.
                                  Office of the General Counsel
                                  Social Security Administration
                                  601 E. 12th Street, Room 965
                                  Kansas City, MO 64106
                                  (816) 936-5830

                                  Emily Maxine Fishman, Esq.
                                  Social Security Administration
                                  Office of General Counsel
                                  26 Federal Plaza, Room 3904
                                  New York, NY 10278
                                  (212) 264-2644

                                  Kathryn L. Smith, A.U.S.A
                                  United States Attorney's Office
                                  100 State Street
                                  Rochester, NY 14614
                                  (585) 263-6760

## INTRODUCTION

**Siragusa, J.** This Social Security Supplemental Security Income case is before the Court on Plaintiff's motion for judgment on the pleadings, filed on April 6, 2018, ECF No. 9, and the Commissioner's cross-motion for judgment on the pleadings, filed on June 5, 2018, ECF No. 13. The Court has reviewed the papers filed by the parties and heard oral argument on October 25, 2018. For the reasons stated below, the Court denies the Commissioner's motion, and grants Plaintiff's motion.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI") on February 19, 2014, alleging a disability beginning on March 1, 2013. The Commissioner denied her claim, and she asked for hearing. Plaintiff appeared via video before an Administrative Law Judge ("ALJ") in Alexandria, Virginia. Gerry J. Ruiz, Esq., represented Plaintiff at the hearing.

The ALJ issued a decision on April 28, 2016, finding that Plaintiff retained the residual functional capacity to perform light work and was, therefore, not disabled. Through testimony from a vocational expert, the ALJ determined she could work as an information clerk, ticket seller, rental clerk, charge account clerk, inserter, or order clerk. R. 19. Plaintiff appealed the ALJ's decision to the Social Security Appeals Council, and on June 30, 2017, the Council denied her request for review. Plaintiff started this action pursuant to 42 U.S.C. § 405(g) on August 29, 2017.

In her motion, Plaintiff raises three issues:

I. The ALJ failed to properly apply the treating physician rule to Dr. Nguyen's opinions.

II. The RFC was not supported by substantial evidence.

    A. The physical RFC was not supported by substantial evidence because the ALJ declined to give any significant weight to the only functional physical opinion in the record, from Dr. Nguyen, and the ALJ failed to explain what

evidence supported the specific limitations in the RFC finding.

      B. The ALJ erroneously found no mental health limitations in the RFC, a finding that conflicted with the consulting opinion of Dr. Brownfeld, to which the ALJ purportedly gave great weight.

      III. The ALJ erred at step two in finding that Plaintiff's lower back pain, arthritis, and anxiety and depression were nonsevere impairments; this error was harmful because it infected the remainder of the sequential analysis.

Pl.'s Mem. of Law 1, Apr. 6, 2018, ECF No. 9-1. The Commissioner asserts that the ALJ's decision is supported by substantial evidence.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). The section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

When determining whether substantial evidence supports the Commissioner's findings, the Court's task is "to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per

3

curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: determining whether the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

Under Rule 12(c), the Court may grant judgment on the pleadings where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

## ANALYSIS

### *Application of the Treating Physician Rule*

An ALJ must give a treating physician's opinion "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Rosa v. Callahan,* 168 F.3d 72, 78–79 (2d Cir. 1999) (citing regulation); *Schisler v. Sullivan,* 3 F.3d 563, 567 (2d Cir. 1993). "'While an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him.'" *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (quoting *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir. 1978)).

When an ALJ does not give a treating physician's opinion controlling weight, he must consider a number of factors to determine the appropriate weight to assign, including (1) the frequency of the physician's examination of the claimant, and the length, nature and extent of the treatment relationship; (2) the evidence in support of the treating physician's opinion;

(3) the consistency of the opinion with the record as a whole; (4) whether the opinion is from a specialist; and (5) other factors brought to the ALJ's attention that tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted); *see also Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004).

The ALJ "afforded little weight" to treating physician Taj T. Nguyen, M.D.'s ("Dr. Nguyen") two opinions, one on Plaintiff's mental capacity, R. 470, and one on her physical capacity, R. 465. The ALJ wrote about Dr. Nguyen's mental capacity assessment: "This opinion is afforded little weight, as it is inconsistent with the medical evidence of record as a whole. Specifically, it is internally inconsistent with Dr. Nguyen's treatment notes, which reveal mostly normal mental status exams and indicate no psychiatric hospitalizations during the relevant period." About Dr. Nguyen's physical report, he wrote: "This opinion is afforded little weight, as it is not consistent with the medical evidence of record as a whole, which does not indicate any significant treatment of surgery or injections or hand stiffness or back pain. In addition, her diabetes mellitus is treated with long-acting Metformin and Lantus with only mild non-proliferative retinopathy."[1] R. 18.

Plaintiff sums up the ALJ's determination in this sentence: "Thus, the sole reason the ALJ gave for rejecting this opinion was that, in the ALJ's view, it was contradicted by three pages of the 571-page record." Pl.'s Mem. 10–11. Plaintiff argues that stating Dr. Nguyen's

---

[1] "Diabetic retinopathy (die-uh-BET-ik ret-ih-NOP-uh-thee) is a diabetes complication that affects eyes. It's caused by damage to the blood vessels of the light-sensitive tissue at the back of the eye (retina)." Diabetic retinopathy, Mayo Clinic, available at https://www.mayoclinic.org/diseases-conditions/diabetic-retinopathy/symptoms-causes/syc-20371611 (last accessed Oct. 23, 2018).

assessments were inconsistent with the record is an insufficient reason for rejecting his opinions.

It is true a statement that the treating doctor's opinion is inconsistent with the Record does not comply with the Commissioner's rule to give a good explanation for rejecting a treating physician's opinion. *See, Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 200 (2d Cir. 2010) (summary order) ("Here, the ALJ's incantatory repetition of the words 'substantial evidence' gives us no indication at all of why he chose to credit the opinions of the consulting physicians over that of Dr. Nidus."). However, here, with respect to Plaintiff's mental capacity, the ALJ also commented on Dr. Nguyen's psychiatric report, finding that it was inconsistent with the doctor's treatment notes, which showed mostly normal mental status examinations and no mental health hospitalizations.

In that regard, the Record shows that Plaintiff received mental health treatment from 2012 to 2013 from Genesee Mental Health Center, had no psychiatric hospitalization history, and was not receiving any mental health treatment at the time of this proceeding. R. 252. A Discharge Summary Service Plan dated June 22, 2012, contained this information:

> We began working towards a discharge from the clinic in October of 2011. Pam was being seen monthly and began to no show for some appointments. When she was last seen on 3/22/12, client's mood was stable with decreased anxiety and depression. We reviewed the progress she had made.

R. 306–07. Psychologist Adam Brownfield, Ph.D., on April 9, 2014, performed a mental status examination on a consultative basis. His conclusions were:

> MEDICAL SOURCE STATEMENT: No evidence of limitation in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule and learning new tasks, performing complex tasks independently, making appropriate decisions and relating adequately with others. She is mildly limited in appropriately dealing with stress due to psychiatric symptoms.
>
> The results of the evaluation appear to be consistent with psychiatric problems,

but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis.

DIAGNOSIS:

Adjustment disorder.

Relevant medical disorders:

Diabetes.

Blind in right eye.

Back pain.

Leg pain.

Arthritis in hands.

RECOMMENDATIONS: Individual psychological therapy. Psychiatric intervention if needed. Vocational training.

PROGNOSIS: Good.

R. 254–55. On April 25, 2014, State agency psychological consultant G. Kleinerman, M.D., reviewed Plaintiff's medical records, including Dr. Brownfield's assessment, and concluded the following:

> 12. 04-Affective Disorders
>
> **Restriction of Activities of Daily Living:** None
>
> **Difficulties in Maintaining Social Functioning:** Mild
>
> **Difficulties in Maintaining Concentration, Persistence or Pace:** Mild
>
> **Repeated Episodes of Decompensation, Each of Extended Duration:** None

R. 82. During an examination of Plaintiff on June 24, 2015, Dr. Nguyen noted that Plaintiff psychiatric and behavioral examination results were: "Negative for confusion and decreased concentration. The patient is nervous/anxious." R. 429. He also wrote: "Psychiatric: She has a normal mood and affect." R. 429. Dr. Nguyen prescribed Wellbutrin. R. 430.

7

In an examination on September 24, 2015, Dr. Nguyen observed: "Psychiatric: She has a normal mood and affect." R. 548. He continued her prescription for Wellbutrin. R. 549.

Therefore, the Court agrees that Dr. Nguyen's mental examination notes do not support his mental capacity assessment. Further, the consultative examiner, and the State agency medical expert provide substantial evidence to support the ALJ's rejection of Dr. Nguyen's opinion that Plaintiff's mental residual functional capacity would not permit her to work.

Turning to Dr. Nguyen's physical medical source statement, the ALJ cited to the conservative treatment of Plaintiff's back and hand pain in rejecting the doctor's conclusion that Plaintiff would be unable to work. The ALJ did not specifically discuss Dr. Ngyuen's treating relationship, but did acknowledge that he was Plaintiff's primary care physician. R. 13 ("The claimant has only received conservative care of prescription medication from her primary care physician; however, she has not seen a mental health provider for treatment during the relevant period…."); R. 15 ("She has seen Dr. Nguyen, her primary care physician, for ten years."); R. 16 ("On September 25, 2015, treating physician, Dr. Nguyen opined that the claimant had moderate limitations her ability to understand and remember, sustain concentration and persistence, interact with others, and take appropriate precautions."). Dr. Nguyen's examined Plaintiff on February 12, 2013, and observed: "The patient presents with pain that is acute. The symptoms are located in the low back." R. 411. He prescribed Flexeril and referred her to Unity Spine Center. R. 412. The evidence from the visit to Unity Spine Center on February 12, 2013, indicates that Plaintiff was discharged "to home ambulatory…. Prescriptions given X 2." R. 507.

Regarding Dr. Nguyen's physical assessment, the ALJ wrote:

The claimant returned to Dr. Nguyen on September 24, 2015 to have forms completed and a refill of vitamin D. She had left breast tenderness and mild lumbar pain upon exam. However, she had normal range of motion in her back.

8

> She was diagnosed with lower back pain that radiated to both legs, which improved with Neurontin....
>
> The claimant underwent physical therapy between October 1, 2015 and November 16, 2015 for back pain. Notes indicate that she had decreased back pain with muscle relaxants and hot showers. She also indicated that she felt "pretty good" with therapy (Exhibit 13F).

R. 16. As with his mental capacity assessment, Dr. Nguyen's physical assessment is not supported by his own treatment notes or other medical reports included in the Record. Plaintiff's back pain appears to have been successfully treated with physical therapy and medications. Her activities of daily living do not support that she was limited to the point where she could not do work. Dr. Nguyen stated in his physical assessment that Plaintiff could occasionally lift less than ten pounds, but never anything above that. R. 465. Plaintiff testified at the ALJ's hearing that in 1999 through 2000, she could lift about ten pounds. R. 36–37. She testified that lifting or carrying causes her hands to cramp up. R. 54. She further testified that a gallon of milk was too heavy for her to lift, unless she used two hands. R. 54–55.

In reaching his determination that Plaintiff was not disabled, the ALJ found that Plaintiff can do light work. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 417.967(b). The only medical opinion concerning Plaintiff's ability to lift is that from Dr. Nguyen. R. 465. To conclude that Plaintiff is capable of light work, the ALJ must rely on some medical evidence that she is capable of the physical demands of light work. The medical record does contain references to Plaintiff's inability to lift objects. R. 54, 222, 230, 231, 264, 278, 332, 391, 404, 517, 519, 542, 544. Most of those instances involved chest pain upon lifting her left arm. The record does not contain medical evidence that Plaintiff's ability to lift objects weighing up to ten pounds is restricted, only her own testimony. Further, the lifting problem she testified about concerned her hand cramping up, not back pain, or chest pain. R. 54. The ALJ pointed to this

note in a follow-up exam report by Dr. Nguyen: "Right hand. Neurological: She is alert and oriented to person, place, and time. She has normal reflexes. No cranial nerve deficit. Coordination normal." R. 283. The Record is devoid of support for Dr. Nguyen's very restrictive conclusions about Plaintiff's physical capabilities.

*Steps One and Two*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 19, 2014. Plaintiff contends that the ALJ erred at step two of the sequential analysis by failing to find that Plaintiff's lower back pain, arthritis, anxiety and depression were non-severe impairments. The Commissioner contends that the ALJ properly determined that those impairments were not severe since "they did not cause more than minimal limitation in Plaintiff's ability to function…." Comm'r Mem. of Law 15–16, Jun. 5, 2018, ECF No. 13-1. Further, the Commissioner argues that because the ALJ considered "the effects of all of claimant's impairments through the remainder of the sequential evaluation process, any error at step two is harmless." *Id*. at 16. Although Plaintiff has preserved the alleged error for review, the Court finds that any error at step two was harmless. *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (summary order).

*Physical Residual Functional Capacity*

Plaintiff points out that only Dr. Nguyen provided any medical opinion about Plaintiff's physical limitations. Pl.'s Mem. of Law 15. The Commissioner responds that the ALJ is not required to have medical support for her RFC determination, citing *Matta v. Astrue*, 508 F. App'x 53, 57 (2d Cir. 2013), in which the Court of Appeals wrote that "[t]he treatment notes support the ALJ's conclusion that plaintiff was stable and responded well to treatment. There is substantial record evidence to support the ALJ's determination." The Commissioner cites to a Sixth Circuit case which holds that the ALJ does not need to rely on a medical opinion in

making her physical RFC determination. The Sixth Circuit wrote in *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013):

> Next, Rudd contends that the ALJ's RFC is not supported by substantial evidence because no physician opined that Rudd was able to perform the standing and walking requirements of light work. As we have mentioned, the ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence. As the Commissioner points out, the Commissioner has final responsibility for deciding an individual's RFC, SSR 96-5p, 1996 SSR LEXIS 2, 1996 WL 374183 (July 2, 1996), and to require the ALJ to base her RFC finding on a physician's opinion, "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* This argument is rejected.

*Rudd*, 531 F. App'x at 728 (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012)). Notwithstanding the Sixth Circuit rule, the overwhelming majority of cases in this District hold just the opposite. Stemming from a 2010 Eastern District case, *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330 (E.D.N.Y. 2010), a long line of cases in this District follow the logic in the *Hilsdorf* case, where the district court reasoned:

> An ALJ's obligation to obtain necessary medical records includes an obligation to obtain a proper assessment of the claimant's RFC. *See* 20 C.F.R. § 404.1513(b)[2] (describing "medical reports" as including "statements about what [a claimant] can still do").
>
> Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error. *See Woodford v. Apfel,* 93 F.Supp.2d 521, 529 (S.D.N.Y. 2000) ("An ALJ commits legal error when he makes a residual functional capacity determination based on medical reports that do not specifically explain the scope of claimant's work-related capabilities."); *Zorilla v. Chater,* 915 F. Supp. 662, 666–67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant;s functional capacity from a doctor is required.").

*Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010). Citing this case,

---

[2] In the current version of the regulation, this language appears at 20 C.F.R. § 404.1513(a)(2) (Mar. 27, 2017) and § 404.1527(a)(1) (Mar. 27, 2017).

the Honorable Frank P. Geraci Jr., Chief Judge of this Court, in *Cutre v. Berryhill*, No. 17-CV-135-FPG, 2018 WL 3968385, at *3 (W.D.N.Y. Aug. 20, 2018), wrote:

> Additionally, an ALJ cannot "assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Even though the Commissioner is empowered to make the RFC determination, "where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection" herself. *Id.* (citation and alterations omitted); *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.") (citations omitted).

*See also Caswell v. Berryhill*, No. 17-CV-6133-FPG, 2018 WL 4404578, at *5 (W.D.N.Y. Sept. 17, 2018) (same). The Honorable Michael A. Telesca in *Ubiles v. Astrue*, No. 11-CV-6340T MAT, 2012 WL 2572772, at *12 (W.D.N.Y. July 2, 2012), held the same, again following the reasoning in *Hillsdorf*. The undersigned has also adhered to this reasoning in *Rodgers v. Colvin*, No. 16-CV-6739-CJS, 2018 WL 446220, at *2–3 (W.D.N.Y. Jan. 17, 2018) (ALJ's RFC determination cannot stand in the absence of medical opinion in support of functional capabilities). The Court is aware of one deviation from this reasoning, *see, e.g., Altman v. Berryhill*, No. 15-CV-00967-MAT-JJM, 2017 WL 5634731, at *5 (W.D.N.Y. Nov. 7, 2017), *report and recommendation adopted,* No. 1:15-CV-00967 (MAT), 2017 WL 5629964 (W.D.N.Y. Nov. 22, 2017) (involving relatively minor physical impairments), the cases have consistently held that an ALJ must have medical support for her RFC determination. What would otherwise, in analogous circumstance, an ALJ could determine that a claimant could sustain medium or heavy work?

Because the Court has found that the ALJ reasonably gave little weight to Dr. Nguyen's physical assessment, as it was unsupported by his treatment notes, the Record contains no medical evidence to support the ALJ's conclusion that Plaintiff is capable of light work. Plaintiff's testimony and the medical records do not establish that her impairments are relatively minor. Accordingly, the ALJ's RFC determination is unsupported by substantial evidence.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion, ECF No. 9, and denies the Commissioner's motion, ECF No. 13. Pursuant to the fourth sentence of 42 U.S.C. 405(g), the Commissioner's decision is reversed, and this case is remanded for a new hearing. Furthermore, the Court directs the Commissioner to expedite this case.

IT IS SO ORDERED.

DATED: November 19, 2018
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge